IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE L. HILL,<br><br>             Plaintiff,<br>vs.<br><br>PROFESSIONAL RECOVERY<br>SERVICES, INC.,<br><br>             Defendant. | Civil Action No. |

# COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Stephanie L. Hill is an adult individual residing at 1910 Conlyn Street, Philadelphia, PA 19141.

5. Defendant Professional Recovery Services, Inc. is a business entity regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 321 Laurel Road, Suite 350, Voorhees, NJ 08043. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. **FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was hired by Household Recovery Services-VA to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Household Recovery Services-VA (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. On or about January 9, 2007, Defendant wrote and sent directly to the Plaintiff by U.S. mail a collection or "dunning" letter (hereafter referred to as the "Letter"), which attempted to coerce Plaintiff into paying the debt. (A true and correct copy of the Letter is attached as Exhibit "A" and is incorporated herein).

9. At all pertinent times hereto, the Letter was the initial communication to Plaintiff by the Defendant. Additionally, Defendant did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

10. In response to the above, on or about January 16, 2007, Plaintiff wrote and sent to the Defendant by U.S. mail a letter (hereafter the "Dispute/Cease and Desist Letter") which ,

*inter alia*, disputed the debt and directed Defendant to cease and desist contact with Plaintiff until information regarding the debt was provided. (A true and correct copy of the Dispute/Cease and Desist Letter is attached hereto as Exhibit "B" and is incorporated herein).

11. Notwithstanding the above, on or about January 17, 2007, a representative, employee and/or agent from Defendant identifying herself as "Ms. Moore" contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Plaintiff indicated the debt was under dispute and that she had directed Defendant to cease and desist contact with Plaintiff until information regarding the debt was provided.

12. Notwithstanding the above, on or about January 31, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

13. To date, Defendant has failed to provide Plaintiff with any verification of the alleged debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate directly with Plaintiff with regards to the debt after Plaintiff had notified Defendant in writing to cease further communications.

15. Defendant acted in a false, deceptive, misleading and unfair manner by failing to provide verification of the alleged debt pursuant to 15 U.S.C. 1692g of the FDCPA.

16. Defendant knew or should have known that its actions violated the FDCPA, FCEUA and the UTPCPL. Additionally, Defendant could have taken the steps necessary to bring their actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review their actions to insure compliance with said laws.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. **FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA**

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23. The above contacts by Defendant and disputes by Plaintiff are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

24. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(c), 1692d, 1692d(5), 1692e, 1692e(10), 1692f, and 1692g, as evidenced by the following conduct:

    (a)    Contacting Plaintiff after she had notified Defendant in writing to cease contacting her;

    (b)    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (c)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

    (d)    Failing to provide verification information of a debt pursuant to 15 U.S.C. 1692g of the FDCPA; and

    (e)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

26. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)    That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

    (b)    That an order be entered enjoining the Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

    (c)    That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF- VIOLATING THE FCEUA AND UTPCPL

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

29. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

30. The above contacts by Defendant and disputes by Plaintiff are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

31. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) Contacting Plaintiff after she had notified Defendant in writing to cease contacting her;

(b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

6

  (c) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

  (d) Failing to provide verification information of a debt pursuant to 15 U.S.C. 1692g of the FDCPA; and

  (e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

 32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

 33. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

 WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

  (a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

  (b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  (c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

  (d) That the Court grant such other and further relief as may be just and proper.

    **VIII.** **JURY TRIAL DEMAND**

34. Plaintiff demands trial by jury on all issues so triable.

                                                **RESPECTFULLY SUBMITTED,**

                                                **FRANCIS & MAILMAN, P.C.**

                                    BY: _____
                                            JAMES A. FRANCIS, ESQUIRE
                                            MARK D. MAILMAN, ESQUIRE
                                            JOHN SOUMILAS, ESQUIRE
                                            MICHAEL J. SZYMBORSKI, ESQUIRE
                                            Attorneys for Plaintiff
                                            Land Title Building, 19th Floor
                                            100 South Broad Street
                                            Philadelphia, PA 19110
                                            (215) 735-8600

DATE:  October 3, 2007